FILED

10 NOV 29 PM 4: 01

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

1  **CAREY, DANIS & LOWE**
2  CA Bar No. 196266
   Michael J. Flannery, Esq.
3  John J. Carey, Esq.
   Francis J. "Casey" Flynn, Jr, Esq.
4  Tiffany M. Yiatras, Esq.
5  8235 Forsyth Boulevard, Suite 1100
6  St. Louis, Missouri  63105
   (T): 314-725-7700
7  (F): 314-721-0905
8  mflannery@careydanis.com
9  jcarey@careydanis.com
   casey@jefflowepc.com
10 tyiatras@careydanis.com
11
12 **PARIS ACKERMAN & SCHMIERER LLP**
   David S. Paris, Esq.
13 Ross H. Schmierer, Esq.
14 101 Eisenhower Parkway
   (T): 973 228-6667
15 (F): 973 629-1246
16 david@paslawfirm.com
   ross@paslawfirm.com
17

18              **UNITED STATES DISTRICT COURT**
19              **CENTRAL DISTRICT OF CALIFORNIA**
20

| | |
|---|---|
| 21  PAIGE COOPERMAN, | **SACV10-01815 JVS** (FFMx) |
| 22 | CASE NO.: |
| 23                 Plaintiff, | |
| 24          vs. | **CLASS   ACTION   COMPLAINT** |
| 25 | **AND JURY DEMAND** |
| 26  GALEOS, LLC, | |
| 27                 Defendant. | |

28                            - 1 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff Paige Cooperman, on behalf of herself and all others similarly situated, by her attorneys Paris Ackerman & Schmierer LLP and Carey Danis & Lowe, files this Class Action Complaint and alleges as follows:

## PRELIMINARY STATEMENT

1.     Plaintiff brings this action on behalf of herself and all others similarly situated for damages resulting from Defendant's deceptive, unfair and unconscionable business practices, breach of warranty and negligent misrepresentation in connection with Defendant's advertising, promotion and sale of its line of "very low fat" salad dressings.  Plaintiff specifically excludes from this Complaint claims for personal injuries which they might possess as a result of the facts alleged herein.

2.     According to the product packaging and nutritional information on the food label, Galeos Miso Dressings are purportedly low-calorie and low-fat food products.

3.     The Galeos Miso Dressings are aggressively promoted by celebrity trainer Jillian Michaels, on her NBC reality television show "The Biggest Loser," and through various other forms of media.

4.     Independent testing and analysis commissioned by Consumer Ally has confirmed that dressings are neither low in fat nor low in calories.

- 2 -

CLASS ACTION COMPLAINT AND JURY DEMAND

5.     For example, the nutritional information on the food label on a bottle of Galeos Miso Ceaser Dressing states: 14 calories 1 gram of fat, and 56 milligrams of sodium per tablespoon serving.

6.     According to independent laboratory testing, however, the label should actually read: 120 calories, 11 grams of fat and 390 mg of sodium.

7.     The nutritional information on the label is further deceptive because the serving size required by federal law on salad dressing labels is two (2) tablespoons, thus creating the illusion that the dressing is a healthier option than other diet dressings.

8.     The Nutrition Labeling and Education Act requires that food products, including Galeos Dressings, disclose on their packaging certain nutrition information, including the amount of fat and number of calories in a single serving of the product.

9.     The false claims regarding Galeos' Miso Dressings also appear on the company's website at http://www.galeoscafe.com/index.html.

10.     The retail prices for standard 13 ounce bottles range from $3.49 to $4.99.

## JURISDICTION AND VENUE

11.     The claims asserted by the putative class are for damages well in

- 3 -

excess of $5,000,000.00 and, as such, this Court has jurisdiction over these claims pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A). The Court also has jurisdiction pursuant to 28 U.S.C. § 1332(a)(l).

12.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant resides, transacts business and/or is found in this District and a substantial portion of the events giving rise to Plaintiff's claims arose here. Moreover, Galeos Miso Dressings are sold and/or distributed throughout Los Angeles County.

## PARTIES

13.    Plaintiff Paige Cooperman is a citizen of the State of New York, residing in the County of New York. During the Class Period, Plaintiff purchased and consumed Galeos Miso Dressings.

14.    Defendant Galeos, LLC (hereinafter "Defendant" or "Galeos") is a limited liability company organized under the laws of the California, with its principal place of business in Costa Mesa, California 92627. During the Class Period, Galeos manufactured, advertised and sold a line of salad dressings in California and throughout the United States, through retailers and directly to consumers through its website, www.galeoscafe.com.

## CLASS ACTION ALLEGATIONS

- 4 -

CLASS ACTION COMPLAINT AND JURY DEMAND

14. This action is brought as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23 (b) on behalf of the Plaintiff named above and all others similarly situated. The class is defined as:

    a. All United States Citizens (including persons and business entities) that purchased Galeos Miso Dressings during the longest period permitted by the applicable statutes of limitations.

15. Excluded from the proposed Class are:

    a. Defendant;

    b. Any entities in which Defendant have or had a controlling interest;

    c. Any officers or directors of Defendant;

    d. The legal representatives, heirs, successors, and assigns of Defendant; and

    e. Any Judge assigned to this action and his or her immediate family, and anyone who timely requests exclusion from the Class.

16. **Numerosity:** Members of the Class are so numerous that their individual joinder is impractical. The precise identities and addresses of members of the Class are unknown to the Plaintiff, but may and should be known with proper and full discovery of Defendant, third-parties, and their respective records. The number of Class members is approximated to be greater than five hundred

- 5 -

thousand (500,000) consumers.   All Class members pray for money damages, temporary and permanent injunctive relief, and declaratory relief because the parties opposing the Class have acted on grounds generally applicable to the Class, thereby making appropriate injunctive relief to the class as a whole.

17.   **Existence of Common Questions of Fact and Law**:  There is a well-defined commonality and community of interest in the questions of fact and law affecting the members of the Class.   The common questions of fact and law include, among other things:

  a. Whether and to what extent Defendant's deceptive business practices and misconduct, as complained of herein, violate California law;

  b. Whether and to what extent Defendant's deceptive business practices and misconduct, as complained of herein, are in violation of Cal. Bus. & Prof. Code § 17200, et seq.;

  c. Whether and to what extent Defendant's deceptive business practices and misconduct, as complained of herein, are in violation of Cal. Bus. & Prof. Code § 17500, et seq.;

  d. Whether and to what extent Defendant's deceptive business practices and misconduct, as complained of herein, are in violation of Cal. Civ. Code § 1770, et seq.;

  e. Whether and to what extent Defendant's deceptive business practices and misconduct, as complained of herein, violate Consumer Protection Statutes of various other states, including, without limitation, New York;

  f. Whether and to what extent Defendant breached express

- 6 -

1    warranties relating to the nutritional qualities of its salad
2    dressings;

3    g.    Whether and to what extent Defendant made negligent
4    misrepresentations relating to the nutritional qualities and
5    benefits of its salad dressings; and

6    h.    Whether Plaintiff and the Putative Class are entitled to recover
7    compensatory, exemplary, treble, statutory or punitive damages
8    based on the Defendants' fraudulent and illegal conduct or
     practices.

9
10   18.   **Typicality**:   Plaintiff is a member of the Putative Class.   The

11   Plaintiff's claims and the claims of the Putative Class have a common origin and

12   share common bases.   Their claims originate from the same deceptive and
13
14   fraudulent practices of the Defendant, and the Defendant has acted and acts in the

15   same way toward the Plaintiff and the Class members.  If brought and prosecuted
16
17   individually, the claims of each Putative Class member would necessarily require

18   proof of the same material and substantive facts, rely upon the same remedial
19
20   theories, and seek the same relief.

21   19.   **Adequacy**:   Plaintiff is an adequate representative of the Putative
22
23   Class because her interests do not conflict with the interests of the members of the

24   Putative Class she seeks to represent.  Plaintiff has retained competent counsel, and

25   intends to prosecute this action vigorously.  Plaintiff's counsel will fairly and
26
27   adequately protect the interests of the members of the Putative Class.

28
- 7 -

CLASS ACTION COMPLAINT AND JURY DEMAND

20.   **Superiority**. A Class action is superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all Members is impracticable.  Furthermore, as the damages suffered by individual Class Members might be relatively small, the expense and burden of individual litigation makes it impossible for Members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this case as a Class action.

In the alternative, the Class may be certified because:

    a.   the prosecution of separate actions by the individual Members of the Class would create a risk of inconsistent or varying adjudication with respect to individual Class Members that would establish incompatible standards of conduct for Defendant;

    b.   the prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class Members not party to the adjudications, or they would substantially impair or impede their ability to protect their interests; and

    c.   Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the Members of the Class as a whole.

21.   This lawsuit may be maintained as a class action pursuant Federal Rule of Civil Procedure 23(b)(2) because Plaintiff and the Putative Class seek

- 8 -

declaratory and injunctive relief, and all of the above factors of numerosity, common questions of fact and law, typicality and adequacy are present. Moreover, Defendant has acted on grounds generally applicable to Plaintiff and the Putative Class as a whole, thereby making declaratory and/or injunctive relief proper and suitable remedies.

22.     This lawsuit may be maintained as a class action under Federal Rule of Civil Procedure 23(b)(3) because questions of fact and law common to the Class predominate over the questions affecting only individual members of the Class, and a class action is superior to other available means for the fair and efficient adjudication of this dispute.   The damages suffered by each individual class member may be disproportionate to the burden and expense of individual prosecution of complex and extensive litigation to proscribe Defendant's conduct and practices.   Additionally, effective redress for each and every class member against Defendant may be limited or even impossible where serial, duplicate, or concurrent litigation occurs arising from these disputes.   Even if individual class members could afford or justify the prosecution of their separate claims, such an approach would compound judicial inefficiencies, and could lead to incongruous and conflicting judgments against Defendant.

## STATEMENT OF FACTS

- 9 -

24.     As a central part of their advertising and sale of their line of Miso Dressings, Galeos employed marketing campaigns pursuant to which they have made false and misleading claims concerning the nutritional information of its products.    Specifically, Galeos expressly claims the following about its salad dressings:

      a.    "They are low in fat, sugar, salt and carbohydrates";

      b.    "Our very low fat MISO dressing/marinade and dip is the World's best choice for salads, fish, chicken, meat, and is the World's best marinade for cooking, made only with fresh and natural ingredients."

      c.    Galeos Miso Ginger Wasabi dressing contains 1 gram of fat, 14 calories, and 42 mg of sodium per serving;

      d.    Galeos Miso Caesar dressing contains 1 gram of fat, 14 calories, and 562 mg of sodium per serving;

      e.    Galeos Miso Sesame Seed dressing contains 2 gram of fat, 22 calories, and 35 mg of sodium per serving; and

      f.    Galeos Miso Dijonaise contains 2 gram of fat, 19 calories, and 35 mg of sodium per serving.

25.     These representations were intended to and did in fact imply to consumers that Galeos' products were a low fat, low calorie, healthy food choice.

26.     These representations were intended to and did in fact substantially increase sales of the products and the price which Defendants were able to charge for them.

- 10 -

27.     However, Defendant knew or should reasonably have known that these representations were false at the time they were made.

28.     In addition, upon information and belief, Defendant has spent hundreds of thousands of dollars in deceptively advertising, marketing and promoting their line of Miso salad dressings, as described above.

29.     In fact, Plaintiff learned of the Galeos line of Miso Dressings when the products were endorsed on an episode of NBC's television program "The Biggest Loser."

30.     Since the first season of "The Biggest Loser", Galeos products have been consistently featured and endorsed by the show's celebrity fitness trainers and experts.

31.     During the course of these deceptive advertising, marketing and promotional campaigns, Plaintiff and other members of the Class reasonably relied upon Galeos' misrepresentations in purchasing the subject salad dressings.

32.     The Plaintiff and other members of the Class have suffered damages in that they purchased Defendant's products that they would not have otherwise purchased had they known the truth about them.

## COUNT I
## CALIFORNIA UNFAIR COMPETITION LAW
## CAL. BUS. & PROF. CODE § 17200.
## (Injunctive Relief)

- 11 -

33.     Plaintiff repeats and realleges each of the foregoing paragraphs of this Complaint as if set forth in full.

34.     Plaintiff is entitled to injunctive relief under Cal. Bus. & Prof. Code § 17200.

35.     Galeos falls within the definition of a "person" as contemplated by Cal. Bus. & Prof. Code § 17200.

36.     Galeos misconduct and fraudulent business practices, as complained of herein, constitutes "unfair competition" as contemplated by Cal. Bus. & Prof. Code § 17200.

37.     Galeos fraudulently and deceptively caused Plaintiffs and the Putative Class to purchase their Miso Dressings in violation of Cal. Bus. & Prof. Code § 17200.

38.     As a result of Galeos' deceptive and fraudulent business practices complained of herein, Plaintiff and the Putative Class members were deceived into purchasing the Galeos Miso Dressings.

**COUNT II**
**CALIFORNIA FALSE ADVERTISING LAW**
**CAL. BUS. & PROF. CODE § 17500**
**(Injunctive Relief and Restitution)**

40     Plaintiff repeats and realleges each of the foregoing paragraphs of this

- 12 -

1  Complaint as if set forth in full.

2
3       41.    Galeos made untrue and misleading statements to Plaintiff and the

4  Putative Class relating to the nutritional information and benefits for Galeos Miso

5  Dressings, in violation of Cal. Bus. & Prof. Code § 17500.

6
7       42.    As alleged with specificity herein, Galeos misrepresented the

8  nutritional information and benefits relating to its Miso Dressings as a means to

9
10  deceive Plaintiff and the Putative Class into enrolling in the plan.

11      43.    Galeos knew or should have known that the solicitations nutritional

12  information and benefits relating to its Miso Dressings, as alleged with specificity

13
14  herein, were untrue and misleading.

15                          **COUNT III**
16               **CONSUMERS LEGAL REMEDIES ACT**
17                       **Cal. Civ. Code § 1770**
                          **(Injunctive Relief)**
18
19      44.    Plaintiff repeats and realleges each of the foregoing paragraphs of this

20  Complaint as if set forth in full.

21
22      45.    As alleged with specificity herein, Galeos engaged in unfair and

23  deceptive business practices relating to marketing, promotion and sale of Galeos

24  Miso Dressings.

25
26      46.    As alleged with specificity herein, Galeos advertised and offered

27  Galeos Miso Dressings to Plaintiff and the Putative Class, with intent not to sell

28                                  - 13 -

1    such products as advertised.

2    47.    Specifically, Defendant's advertised and promoted the Miso Dressings
3
4    as low fat, low calorie products, with the intent not to sell the products with such
5    characteristics.
6
7    48.    In actuality, the Galeos Miso Dressings contain an exorbitantly high
8    fat content and nearly ten (10) times the amount of calories as advertised and
9
10   reflected on the products nutritional label.

11                               **COUNT IV**
                          **Breach of Express Warranty**
12

13   49.    Plaintiff repeats and realleges each of the foregoing paragraphs of this
14
15   Complaint as if set forth in full.

16   50.    Galeos' affirmations of fact and/or promises relating to nutritional
17
     content in their Miso Dressings created express warranties that the products would
18
19   conform to Galeos' affirmations of fact and/or promises.

20   51.    Alternatively, Galeos' descriptions of their salad dressings became
21
22   part of the bases of the bargains, creating express warranties that the products
23   purchased by Plaintiff and the other Class members would conform to Galeos'
24
     descriptions and specifications.
25

26   52.    In fact, the products purchased by Plaintiffs did not so conform.

27   53.    As a result of the foregoing, Plaintiffs and the other Class members
28
                                  - 14 -

have suffered damages, in that the value of the products they purchased was less than warranted by Galeos.

## COUNT V
## Negligent Misrepresentation

54.   Plaintiff repeats and realleges each of the foregoing paragraphs of this Complaint as if set forth in full.

55.   In making representations of fact to Plaintiff and the other Class members, Defendant failed to fulfill its duties to disclose the material facts alleged above.   Among the direct and proximate causes of said failure to disclose were Defendant's negligence and carelessness.

56.   Plaintiff and the other Class members, as a direct and proximate cause of Defendant's breach of its duties, reasonably relied upon such representations to their detriment. By reason thereof, Plaintiffs and the other Class members have suffered damages.

## COUNT VI
## Unjust Enrichment

57.   Plaintiff repeats and realleges each of the foregoing paragraphs of this Complaint as if set forth in full.

58.   Plaintiff and the other Class members conveyed a benefit to

- 15 -

1 | Defendant by purchasing the product at issue.

2
3 |      59.    Plaintiff conveyed this benefit based on the warranties that the product

4 | would conform to Galeos' affirmations of fact and/or promises.

5
6 |      59.    The product did not conform to Galeos' affirmations of fact and/or

7 | promises.

8 |      60.    Because the product did not so conform, Defendant has been unjustly

9
10 | enriched at the expense of the Plaintiff and the Putative Class.

11 |      59.    Defendant must therefore make restitution to the Plaintiff and the

12
13 | Class as the circumstances of Defendant's receipt and retention of this benefit are

14 | such that it is unjust for Defendant to retain it.

15 | **PRAYER FOR RELIEF**

16 |      **WHEREFORE**, Plaintiff, individually and on behalf of all others similarly

17 | situated, seeks the following relief:

18
19 |           a.    An Order declaring that this action is properly maintainable as a
20 |                Class Action, certifying the proposed Class herein and appointing Plaintiff and the undersigned counsel of record to represent the Class;

21
22 |           b.    An Order issuing a preliminary injunction enjoining Defendant,
23 |                their successors and assigns and all others, known and unknown, from continuing to take the deceptive action as set

24 |                forth in this Complaint;

25
26 |           c.    An Order issuing a permanent injunction enjoining Defendant,
27 |                their successors and assigns and all others, known and unknown, from continuing to take the deceptive action as set forth in this Complaint;

28 | - 16 -

d.    An Order requiring Defendant to make corrective disclosures;

e.    A Judgment awarding Plaintiff and the Class compensatory, consequential, and statutory damages, including, without limitation, the loss of monies paid to Galeos to purchase its Miso Dressings, pre-judgment interest, and post-judgment interest;

f.    A Judgment awarding Plaintiff and the Class restitution of all monies paid in connection with the purchase of Galeos Miso Dressings;

g.    A Judgment awarding Plaintiff and the Class exemplary, treble and punitive damages;

h.    A Judgment awarding Plaintiff and the Class reasonable attorneys' fees and costs of this action in accordance with California Code of Civil Procedure § 1021.5.; and

i.    Such other and further relief as this Honorable Court finds just and proper under the circumstances.

## JURY DEMAND

**WHEREFORE**, Plaintiff demands a trial by jury on all issues so triable as a matter of right.

Dated: November 29, 2010

CAREY, DANIS & LOWE

By: _____
Michael J. Flannery
John J. Carey
Francis J. "Casey" Flynn, Jr.
Tiffany M. Yiatras
8235 Forsyth Boulevard, Suite 1100
Saint Louis, Missouri 63105-1643

- 17 -

(T): 314-725-7700
(F): 314-721-0905

**PARIS ACKERMAN &
SCHMIERER  LLP**
David S. Paris, Esq.
Ross H. Schmierer, Esq.
101 Eisenhower Parkway
Roseland, New Jersey 07068
(T): (973) 228-6667
(F): (973) 629-1246

- 18 -

CLASS ACTION COMPLAINT AND JURY DEMAND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge <u>James V. Selna</u> and the assigned discovery Magistrate Judge is <u>Frederick F. Mumm</u> .

The case number on all documents filed with the Court should read as follows:

### SACV10-1815 JVS (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

Unless otherwise ordered, the The United States District Judge assigned to this case will hear and determine all discovery related motions.

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| ☐ **Western Division** | ☑ **Southern Division** | ☐ **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

---

CV-18 (01/09)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself □)<br>PAIGE COOPERMAN | DEFENDANTS<br>GALEOS, LLC |
|---|---|

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>Carey, Danis & Lowe, 8235 Forsyth Blvd., Suite 1100, St. Louis, MI 63105, 314-725-7700<br>Paris Ackerman & Schmierer, 101 Eisenhower Parkway, Roseland, NJ 07068 | Attorneys (If Known) |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

□ 1 U.S. Government Plaintiff   □ 3 Federal Question (U.S. Government Not a Party)

□ 2 U.S. Government Defendant   ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | □ 1 | ☑ 1 | Incorporated or Principal Place of Business in this State | □ 4 | □ 4 |
| Citizen of Another State | ☑ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   □ 2 Removed from State Court   □ 3 Remanded from Appellate Court   □ 4 Reinstated or Reopened   □ 5 Transferred from another district (specify):   □ 6 Multi-District Litigation   □ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes  □ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes  □ No        □ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Fraudulent and deceptive trade practices relating to the labeling of salad dressing.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER<br>PETITIONS | LABOR |
|---|---|---|---|---|---|
| □ 400 State Reapportionment | □ 110 Insurance | □ 310 Airplane | ☑ 370 Other Fraud | □ 510 Motions to Vacate Sentence Habeas Corpus | □ 710 Fair Labor Standards Act |
| □ 410 Antitrust | □ 120 Marine | □ 315 Airplane Product Liability | □ 371 Truth in Lending | □ 530 General | □ 720 Labor/Mgmt. Relations |
| □ 430 Banks and Banking | □ 130 Miller Act | □ 320 Assault, Libel & Slander | □ 380 Other Personal Property Damage | □ 535 Death Penalty | □ 730 Labor/Mgmt. Reporting & Disclosure Act |
| □ 450 Commerce/ICC Rates/etc. | □ 140 Negotiable Instrument | □ 330 Fed. Employers' Liability | □ 385 Property Damage Product Liability | □ 540 Mandamus/Other | □ 740 Railway Labor Act |
| □ 460 Deportation | □ 150 Recovery of Overpayment & Enforcement of Judgment | □ 340 Marine | **BANKRUPTCY** | □ 550 Civil Rights | □ 790 Other Labor Litigation |
| □ 470 Racketeer Influenced and Corrupt Organizations | □ 151 Medicare Act | □ 345 Marine Product Liability | □ 422 Appeal 28 USC 158 | □ 555 Prison Condition | □ 791 Empl. Ret. Inc. Security Act |
| □ 480 Consumer Credit | □ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | □ 350 Motor Vehicle | □ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| □ 490 Cable/Sat TV | | □ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | □ 610 Agriculture | □ 820 Copyrights |
| □ 810 Selective Service | □ 153 Recovery of Overpayment of Veteran's Benefits | □ 360 Other Personal Injury | □ 441 Voting | □ 620 Other Food & Drug | □ 830 Patent |
| □ 850 Securities/Commodities/ Exchange | □ 160 Stockholders' Suits | □ 362 Personal Injury-Med Malpractice | □ 442 Employment | □ 625 Drug Related Seizure of Property 21 USC 881 | □ 840 Trademark |
| □ 875 Customer Challenge 12 USC 3410 | □ 190 Other Contract | □ 365 Personal Injury-Product Liability | □ 443 Housing/Acco-mmodations | □ 630 Liquor Laws | **SOCIAL SECURITY** |
| □ 890 Other Statutory Actions | □ 195 Contract Product Liability | □ 368 Asbestos Personal Injury Product Liability | □ 444 Welfare | □ 640 R.R. & Truck | □ 861 HIA (1395ff) |
| □ 891 Agricultural Act | □ 196 Franchise | | □ 445 American with Disabilities - Employment | □ 650 Airline Regs | □ 862 Black Lung (923) |
| □ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | □ 446 American with Disabilities - Other | □ 660 Occupational Safety /Health | □ 863 DIWC/DIWW (405(g)) |
| □ 893 Environmental Matters | □ 210 Land Condemnation | □ 462 Naturalization Application | □ 440 Other Civil Rights | □ 690 Other | □ 864 SSID Title XVI |
| □ 894 Energy Allocation Act | □ 220 Foreclosure | □ 463 Habeas Corpus-Alien Detainee | | | □ 865 RSI (405(g)) |
| □ 895 Freedom of Info. Act | □ 230 Rent Lease & Ejectment | □ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| □ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | □ 240 Torts to Land | | | | □ 870 Taxes (U.S. Plaintiff or Defendant) |
| □ 950 Constitutionality of State Statutes | □ 245 Tort Product Liability | | | | □ 871 IRS-Third Party 26 USC 7609 |
| | □ 290 All Other Real Property | | | | |

SACV10-01815

FOR OFFICE USE ONLY:   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
        ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
        ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
        ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | New York |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles |  |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved .

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date 11/29/10

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CAREY, DANIS & LOWE
CA Bar No. 196266
8235 Forsyth Boulevard, Suite 1100
St. Louis, Missouri 63105
314-725-7700

*FOR OFFICE USE ONLY*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAIGE COOPERMAN | CASE NUMBER |
| PLAINTIFF(S) | SACV10-01815 JVS (FFMx) |
| v. | |
| GALEOS, LLC | SUMMONS |
| DEFENDANT(S). | |

TO:   DEFENDANT(S): GALEOS, LLC

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _CAREY, DANIS & LOWE_____, whose address is _8235 Forsyth Boulevard, Suite 1100 St. Louis, Missouri 63105_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __11/29/10_____

By: _____
CHRISTOPHER POWERS
Deputy Clerk

(Seal of the Court)

SEAL

*FOR OFFICE USE ONLY*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*